IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Jerome McFadden, | C/A No. 0:13-3024-BHH-PJG |
| Petitioner, | |
| vs. | **REPORT AND RECOMMENDATION** |
| Warden Bush, | |
| Respondent. | |

The petitioner, Jerome McFadden, a self-represented state prisoner, filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC for a Report and Recommendation on the respondent's motion for summary judgment. (ECF No. 18.) Pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the court advised the petitioner of the summary judgment and dismissal procedures and the possible consequences if he failed to respond adequately to the respondent's motion. (ECF No. 20.) McFadden filed a response in opposition. (ECF No. 23.) Having carefully considered the parties' submissions and the record in this case, the court finds that McFadden's Petition is barred by 28 U.S.C. § 2244(d) as untimely.

**BACKGROUND**

McFadden was indicted in September 1986 in Florence County for criminal sexual conduct in the first degree, burglary in the first degree, kidnapping, and robbery (86-GS-21-816). (App. at 691, ECF No. 19-4 at 157.) McFadden was represented by Frederick K. Jones, Esquire and Cheryl Turner Hopkins, Esquire, and on October 7-9, 1986 was tried by a jury and found guilty as charged. (App. at 433, ECF No. 19-3 at 74.) The circuit court sentenced McFadden to thirty years'

imprisonment for criminal sexual conduct, life imprisonment for burglary, ten years' imprisonment for robbery, and life imprisonment for kidnapping, all sentences to be served concurrently. (App. at 445-46, ECF No. 19-3 at 86-87.)

McFadden timely appealed and was represented by Joseph L. Savitz, III, Esquire, of the South Carolina Office of Appellate Defense, who filed an final brief on McFadden's behalf. (App. at 448-62, ECF No. 19-3 at 89-103.) On February 7, 1989, the South Carolina Supreme Court affirmed the conviction of the lower court. (State v. McFadden, Op. No. 1989-MO-047 (S.C. Feb. 7, 1989), App. at 476, ECF No. 19-3 at 117.)

McFadden filed a *pro se* application for post-conviction relief on October 30, 1990 ("1990 PCR"). (McFadden v. State of South Carolina, 90-CP-21-1385, App. at 477-81, ECF No. 19-3 at 118-22.) On October 18, 1993, the PCR court held an evidentiary hearing at which McFadden appeared and testified, and represented himself along with co-counsel Thomas E. Smith, Jr., Esquire. (App. at 128, ECF No. 19-3 at 128.) By order filed January 10, 1994, the PCR court denied and dismissed McFadden's PCR application with prejudice. (App. at 657-65, ECF No. 19-4 at 122-30.)

McFadden, represented by Senior Assistant Appellate Defender Wanda H. Haile, Esquire, filed a Johnson[1] petition for a writ of certiorari. (ECF No. 19-5.) Additionally, McFadden filed a *pro se* response to the Johnson petition. On April 11, 1995, the South Carolina Supreme Court

---

[1] Johnson v. State, 364 S.E.2d 201 (S.C. 1988) (applying the factors in Anders v. California, 386 U.S. 738 (1967) to post-conviction appeals). Anders requires that counsel who seeks to withdraw after finding the "case to be wholly frivolous" following a "conscientious examination" must submit a brief referencing anything in the record that arguably could support an appeal; furnish a copy of that brief to the defendant; and after providing the defendant with an opportunity to respond, the reviewing court must conduct a full examination of the proceedings to determine if further review is merited. Anders, 386 U.S. at 744.



issued an order denying McFadden's petition for a writ of certiorari. (ECF No. 19-8.) The remittitur was issued April 27, 1995. (ECF No. 19-9.)

McFadden filed a second *pro se* application for post-conviction relief on June 21, 2012 ("2012 PCR"). (McFadden v. State of South Carolina, 12-CP-21-1633, ECF No. 19-10.) The State filed a return and motion to dismiss. (ECF No. 19-11.) The PCR court issued a conditional order of dismissal on August 30, 2012, in which it provisionally dismissed McFadden's 2012 PCR application as successive to his prior PCR application and as untimely under the limitations provision of the Uniform Post-Conviction Procedure Act, S.C. Code Ann. § 17-27-45(a). (ECF No. 19-12.) McFadden filed a *pro se* response to the conditional order of dismissal. (ECF No. 19-13.) A final order of dismissal was filed on October 25, 2012 which denied and dismissed with prejudice McFadden's 2012 PCR application for the reasons stated in the conditional order of dismissal. (ECF No. 19-14.)

McFadden filed the instant Petition for a writ of habeas corpus on November 4, 2013.[2] (ECF No. 1.)

## FEDERAL HABEAS ISSUES

McFadden raises the following grounds in his federal Petition for a writ of habeas corpus:

**Ground One:** Actual Innocence
**Supporting Facts:** DNA was done in this case in 2006. The evidence was stolen by those at the Lake City S.C. Police Authorities which lasted for several months, then brought forth for testing; [b]ut there was no one from the Innocence Project to represent me the results came back positive.

---

[2] See Houston v. Lack, 487 U.S. 266 (1988) (stating that a prisoner's pleading is filed at the moment of delivery to prison authorities for forwarding to the district court).



**Ground Two:** Ineffective Assistance of Counsel
**Supporting Facts:** The PCR Court held at the hearing: "that the applicant has failed to prove by a preponder[a]nce of the evidence that his counsels rendered ineffective assistance;" and this was contrary to Federal Law.

(See Pet., ECF No. 1).

## DISCUSSION

**A.     Summary Judgment Standard**

Summary judgment is appropriate only if the moving party "shows that there is no genuine dispute as to any material fact and the [moving party] is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  A party may support or refute that a material fact is not disputed by "citing to particular parts of materials in the record" or by "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1).  Rule 56 mandates entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

In deciding whether there is a genuine issue of material fact, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986).  However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment.  Factual disputes that are irrelevant or unnecessary will not be counted." Id. at 248.

The moving party has the burden of proving that summary judgment is appropriate.  Once the moving party makes this showing, however, the opposing party may not rest upon mere

allegations or denials, but rather must, by affidavits or other means permitted by the Rule, set forth specific facts showing that there is a genuine issue for trial. See Fed. R. Civ. P. 56(c), (e); Celotex Corp., 477 U.S. at 322. Further, while the federal court is charged with liberally construing a petition filed by a *pro se* litigant to allow the development of a potentially meritorious case, see, e.g., Cruz v. Beto, 405 U.S. 319 (1972), the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact where none exists. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

**B.     Habeas Corpus Standard of Review**

In accordance with the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), claims adjudicated on the merits in a state court proceeding cannot be a basis for federal habeas corpus relief unless the decision was "contrary to, or involved an unreasonable application of clearly established federal law as decided by the Supreme Court of the United States," or the decision "was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d)(1), (2). When reviewing a state court's application of federal law, "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." Williams v. Taylor, 529 U.S. 362, 410 (2000); see also White v. Woodall, 134 S. Ct. 1697, 1702 (2014) (describing an "unreasonable application" as "objectively unreasonable, not merely wrong" and that "even clear error will not suffice") (internal quotation marks and citation omitted); Harrington v. Richter, 131 S. Ct. 770, 785 (2011); Humphries v. Ozmint, 397 F.3d 206 (4th Cir. 2005); McHone v. Polk, 392



F.3d 691 (4th Cir. 2004). Moreover, state court factual determinations are presumed to be correct and the petitioner has the burden of rebutting this presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

"A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." Harrington, 131 S. Ct. at 786 (quoting Yarborough v. Alvarado, 541 U.S. 652, 664 (2004)); see also White, 134 S. Ct. at 1702 (stating that " '[a]s a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement' ") (alteration in original) (quoting Harrington, 131 S. Ct. at 786-87). Under the AEDPA, a state court's decision "must be granted a deference and latitude that are not in operation" when the case is being considered on direct review. Harrington, 131 S. Ct. at 785. Moreover, review of a state court decision under the AEDPA standard does not require an opinion from the state court explaining its reasoning. See id. at 784 (finding that "[t]here is no text in [§ 2254] requiring a statement of reasons" by the state court). If no explanation accompanies the state court's decision, a federal habeas petitioner must show that there was no reasonable basis for the state court to deny relief. Id. Pursuant to § 2254(d), a federal habeas court must (1) determine what arguments or theories supported or could have supported the state court's decision; and then (2) ask whether it is possible that fairminded jurists could disagree that those arguments or theories are inconsistent with the holding of a prior decision of the United States Supreme Court. Id. at 786. "If this standard is difficult to meet, that is because it was meant to be." Id. Section 2254(d) codifies the view that habeas corpus is a " 'guard against extreme malfunctions

in the state criminal justice systems,' not a substitute for ordinary error correction through appeal." Id. (quoting Jackson v. Virginia, 443 U.S. 307, 332 n.5 (1979) (Stevens, J., concurring in judgment)).

**C.    Summary Judgment Motion**

    **1.    Statute of Limitations**

The respondent argues that McFadden's Petition is untimely under the one-year statutory deadline set forth in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2244(d)(1). Because McFadden was convicted before the effective date of the AEDPA—April 24, 1996—McFadden had one year from the effective date of the AEDPA in which to file his federal habeas petition. See Brown v. Angelone, 150 F.3d 370, 375 (4th Cir. 1998). Accordingly, the limitations period began to run on April 25, 1996 and expired on April 24, 1997, unless the period was at any time tolled for any properly filed state PCR application. Hernandez v. Caldwell, 225 F.3d 435, 438-39 (4th Cir. 2000) (applying the anniversary date method in calculating the one-year limitation period in § 2244 and concluding that "the actual count on the limitations period began on April 25, 1996, and ended on April 24, 1997, excluding any time tolled"); see 28 U.S.C. § 2244(d)(2).

McFadden filed his first state PCR application on October 30, 1990. As this PCR application was filed and decided prior to the effective date of the AEDPA, the 1990 PCR application had no effect on McFadden's one-year statutory deadline, as his limitations period had not yet begun to run.

Although McFadden filed a second PCR application on June 21, 2012, this application was filed after the expiration of the one-year limitations period under § 2244(d)(1)(A). Moreover, even if it had been filed before the expiration of the deadline, it would not toll the statute of limitations because the PCR court dismissed it as untimely. Pace v. DiGuglielmo, 544 U.S. 408 (2005) (holding



that a state PCR application that is rejected by the state court as untimely is not "properly filed" within the meaning of § 2244(d)(2) and therefore does not entitle the petitioner to statutory tolling). Therefore, McFadden's 2012 PCR application did not toll or revive the already expired statute of limitations for filing his federal habeas action and his statutory deadline expired on April 24, 1997.

McFadden's federal Petition was filed on November 4, 2013—over sixteen years after the expiration of the statute of limitations.

> **2. McFadden's Arguments**
>
> **a. Actual Innocence**

In his opposition memorandum to the respondent's motion, McFadden addresses the respondent's argument that his Petition is untimely filed by arguing that his actual innocence, as stated in Ground One of his Petition, precludes his Petition from being barred by the statute of limitations. (ECF No. 23 at 3-6.) While the United States Supreme Court has held that "actual innocence, if proved, may serve as a gateway through which a petitioner may pass whether the impediment is a procedural bar . . . or . . . expiration of the statute of limitations," the Court cautioned that "tenable actual-innocence gateway pleas are rare." McQuiggin v. Perkins, 133 S. Ct. 1924, 1928 (2013). "[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." Schlup v. Delo, 513 U.S. 298, 329 (1995); see House v. Bell, 547 U.S. 518, 538 (2006) (reiterating that the Schlup standard "is demanding and permits review only in the extraordinary case") (internal quotations omitted). The McQuiggin Court also noted that " 'the timing of the [petition]' is a factor bearing on the 'reliability of th[e] evidence' purporting to show actual innocence," and "[u]nexplained delay in presenting new evidence bears



on the determination whether the petitioner has made the requisite showing." McQuiggin, 133 S. Ct. at 1928, 1935 (quoting Schlup, 513 U.S. at 332) (alterations in original).

In his response, McFadden alludes to subsequent DNA testing that was performed in 2006 and summarily states that this DNA was tampered with and "disappeared for some time." (ECF No. 23 at 4.) He further implies that the results of this test could exonerate him, vaguely referring to the circumstance that the victim in his case possibly acquired a sexually transmitted disease from the assault for which McFadden "was never tested nor allowed to refute." (Id. at 5.) He argues that consideration of this evidence, which was "either excluded or unavailable at trial" would show his innocence, and requests an evidentiary hearing. (Id. at 8-9.)

McFadden's "evidence" fails to satisfy the Schlup standard, as his conclusory and speculative statements are insufficient to meet the requite showing that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence. Schlup, 513 U.S. at 327. Although he references a subsequent DNA test in 2006, he provides no documentation of this test nor any evidence as to the test results.[3] Accordingly, McFadden has not met his burden of proof in that he has not presented reliable, newly discovered evidence that satisfies the Schlup standard. Moreover, McFadden inexplicably delayed in presenting this evidence. In this case, McFadden's trial occurred in October 1986 and his first PCR was completed in April 1995. Importantly, McFadden did not raise any issue or present any evidence relating to 2006 DNA evidence in his 2012 PCR application. The instant federal Petition was filed in November 2013—over six years after the alleged DNA testing. Accordingly, McFadden's delay in presenting his evidence undercuts any

---

[3] Confusingly, McFadden states in Ground One of his Petition that the results of this 2006 DNA test "came back positive." (ECF No. 1 at 6.)



possible reliability it might have. McQuiggin, 133 S. Ct. at 1935-36 (explaining that "untimeliness . . . does bear on the credibility of evidence proffered to show actual innocence"); Schlup, 513 U.S. at 332.

### b.      Equitable Tolling

To the extent that McFadden's response in opposition could be construed as arguing that he is entitled to equitable tolling of the statutory deadline, such argument must fail. To avoid application of § 2244(d) regarding the timeliness of the instant federal habeas Petition, McFadden must show that the one-year limitations period should be equitably tolled under applicable federal law. See Holland v. Florida, 560 U.S. 631 (2010) (concluding that § 2244(d) is subject to the principles of equitable tolling); Harris v. Hutchinson, 209 F.3d 325 (4th Cir. 2000) (same). "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005) (citation omitted); see also Holland, 560 U.S. at 649. Equitable tolling is available only in "those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result." Rouse v. Lee, 339 F.3d 238 (4th Cir. 2003) (internal quotation marks and citation omitted); see also United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004). Thus, to be entitled to equitable tolling, an otherwise time-barred petitioner must present: "(1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time." Rouse, 339 F.3d at 246.

McFadden has not established grounds for equitable tolling. The court observes that attorney misconduct that is beyond a garden variety claim of attorney negligence may present a basis for



equitable tolling. See Holland, 560 U.S. at 651-52. However, the allegations in this case do not appear to warrant equitable tolling. Although McFadden appears to argue in Ground One of his Petition that he was misled by an attorney from the Palmetto Innocence Project, McFadden does not explain how he was misled, by whom, and how this affected McFadden's ability to file his federal habeas petition. Accordingly, McFadden's conclusory allegations are insufficient to rise to the "extraordinary" instance described in Holland. Id. at 649-652.

Additionally, McFadden has failed to provide sufficient information to demonstrate that he has been pursuing his rights diligently to timely file a federal habeas petition. See Holland, 560 U.S. at 649; Pace, 544 U.S. at 418-19 (denying equitable tolling to a habeas petitioner who waited years to file his PCR petition and months after his PCR trial to seek relief in federal court); Harris, 209 F.3d at 330 ("Under long-established principles, petitioner's lack of diligence precludes equity's operation."). Even assuming McFadden's 2006 DNA test results qualified as newly discovered evidence thus allowing McFadden to delay the commencement of the limitations period pursuant to § 2244(d)(1)(D),[4] he has made no argument to explain why he waited over six years to file his federal Petition and has presented no extraordinary circumstances that prevented him from diligently pursuing his rights. Moreover, to the extent that McFadden's arguments could be construed to allege that he is entitled to equitable tolling due to lack of knowledge of the law, they are unavailing. See Cross-Bey v. Gammon, 322 F.3d 1012, 1015 (8th Cir. 2003) (rejecting equitable tolling where a petitioner alleged lack of legal knowledge or legal resources); Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000) ("[I]t is well established that ignorance of the law, even for an incarcerated pro se

---

[4] Section 2244(d)(1)(D) provides that the limitations period shall run from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence."

Page 11 of 13



petitioner, generally does not excuse prompt filing.") (internal quotation marks and citations omitted).

### RECOMMENDATION

Based upon the foregoing, the court finds that McFadden has failed to meet the demanding standard in raising an argument of actual innocence that "it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence."  Schlup, 513 U.S. at 327. Accordingly, McFadden's actual innocence claim is insufficient to overcome the court's finding that his Petition was untimely filed and is therefore barred pursuant to § 2244(d)(1).  Nor has McFadden presented grounds for equitable tolling.  The court therefore recommends that the respondent's motion for summary judgment (ECF No. 18) be granted and McFadden's Petition dismissed as untimely.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

September 30, 2014
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).