IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Jerome McFadden, ) | Civil Action No.: 0:13-3024-BHH |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **OPINION AND ORDER** |
| ) | |
| Warden Bush, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

The petitioner, Jerome McFadden ("the petitioner"), proceeding *pro se*, filed this writ of habeas corpus pursuant to 28 U.S.C. § 2254. (ECF No. 1.) In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., the action was referred to United States Magistrate Judge Paige J. Gossett for pretrial handling and a Report and Recommendation ("Report"). Judge Gossett recommends that the respondent's motion for summary judgment be granted and the petitioner's petition for a writ of habeas corpus be dismissed as untimely. (ECF No. 31.) The Report sets forth in detail the relevant facts and standards of law on this matter and the court incorporates them without recitation.

## BACKGROUND

The petitioner filed this action against the respondent on November 4, 2013,[1] alleging, *inter alia,* that he is actually innocent and that he received ineffective assistance of counsel. On September 30, 2014, the Magistrate Judge issued her Report (ECF No. 31); and then on October 17, 2014, the Clerk of Court entered the petitioner's Objections

---

[1]This filing date reflects that the envelope containing the petition was stamped as having been received on November 4, 2013, by the LCI (Lee Correctional Institution) mailroom. (ECF No.1-2.) *Houston v. Lack*, 487 U.S. 266 (1988) (holding prisoner's pleading is considered filed when given to prison authorities for forwarding to the district court).

and exhibits. (ECF No. 33). The court has reviewed the objections and exhibits, however, and finds them to be without merit. Therefore, it will enter judgment accordingly.

## STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to the court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261, 270–71, 96 S.Ct. 549, 46 L.Ed.2d 483 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). However, the court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir.1982). In the absence of a timely filed, specific objection, the Magistrate Judge's conclusions are reviewed only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir.2005).

## DISCUSSION

Simply put, petitioner's objections provide no basis for this court to deviate from the Magistrate Judge's recommended disposition. Instead, his objections consist generally of arguments that he has already made to the Magistrate Judge and she has rejected. Because the court agrees with the Magistrate Judge's treatment of these issues, it need not discuss them here for a second time.

As to the exhibits that the petitioner provides to the court, they are ultimately of no benefit to the petitioner's claim of actual innocence. From a letter dated May 16, 2006, from the Innocence Project (ECF No. 33-2 at 2), the author of the letter informs the petitioner that the judge and the solicitor from the petitioner's case have agreed that DNA testing should be done. And then, in a letter dated July 10, 2006, (ECF No. 33-2 at 3) the one who wrote the letter from the Innocence Project informed the petitioner that "the judge has signed the order for DNA testing of the evidence in [the petitioner's] case. We have received confirmation that the evidence has been sent to Reliagene for testing." *Id.* But, the petitioner provides the court with no explanation as to what happened after that. Nor does he explain why he is just now coming forward with this information, over eight years after the letters were written. Moreover, it would appear to the court that had the testing come back in favor of the petitioner, he would provide the court with some sort of evidence as to that result. But, this he has failed to do. For these reasons, the court will overrule the petitioner's objections.

In the petitioner's objections, he asks that "the record be expanded to include all evidence relevant to the petition and permit discovery to allow for the development of a potentially meritorious case," (ECF No. 33 at 9). But then he fails to inform the court what it is that he wants to add to the record. The court is of the opinion that there is more than enough in the record to make a determination of the proper disposition of this case. Therefore, the court will deny this motion.

The petitioner also asks the court for the appointment of counsel. The court should appoint counsel in civil cases only under "exceptional circumstances." *Whisenant v. Yuam*, 739 F.2d 160, 163 (4th Cir.1984). The existence of exceptional circumstances turns on the

complexity of a party's claims and his ability to present them. *Id.* Inasmuch as the petitioner's allegations do not present unduly complex factual or legal issues, and he has not evidenced an inability to adequately pursue his claims, the court concludes that his motion to appoint counsel will be denied.

## **CONCLUSION**

For the reasons stated above and by the Magistrate Judge, the Court overrules the petitioner's objections and adopts and incorporates by reference the Magistrate Judge's Report and Recommendation.

It is therefore ORDERED that the respondent's motion for summary judgment (ECF No. 18) is GRANTED and the petitioner's petition is DISMISSED as untimely. Moreover, both the petitioner's motion to expand the record and for the appointment of counsel, as contained in his objections, are DENIED.

## CERTIFICATE OF APPEALABILITY

The governing law provides that:

> (c) (2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (c) (3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller–El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir.2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of

appealability is DENIED.

       IT IS SO ORDERED.

                                                /s/Bruce Howe Hendricks
                                                United States District Judge

March 30, 2015
Greenville, South Carolina

*****

**NOTICE OF RIGHT TO APPEAL**

       The parties are hereby notified that any right to appeal this Order is governed by Rules 3 and 4 of the Federal Rules of Appellate Procedure.